UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 2:13-CV-00016-FDW

| | |
|---|---|
| DANIEL DUVALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff Daniel Duvall's Motion for Summary Judgment (Doc. No. 7), filed on September 14, 2013, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's ("Commissioner's") Motion for Summary Judgment (Doc. No. 9), filed on November 21, 2013. Plaintiff seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

## I.     FACTUAL BACKGROUND

Duvall filed an application for a period of disability and disability insurance benefits under Title II of 42 U.S.C. § 1383, and for supplemental security income payments under Title XVI of 42 U.S.C. § 1383, on September 17, 2009, alleging a disability onset date of May 24, 2007. (Tr. 144-145). The claim was initially denied on March 31, 2010, (Tr. 78-97), and again

upon reconsideration on September 22, 2010, (Tr. 98-122). Subsequently, on October 27, 2010, Duvall filed a written request for an administrative hearing, (Tr. 140-142), and Administrative Law Judge Ivar E. Avots ("ALJ") held a hearing via teleconference on March 9, 2011, at which Duvall was represented by counsel. (Tr. 48-77). Also present was Ms. Leanna Hollenbeck, the appointed vocational expert ("VE"). (Tr. 48-77). On October 18, 2011, the ALJ issued an unfavorable decision, finding that Duvall was not disabled. (Tr. 12-26). Duvall timely requested review by the Appeals Council. (Tr. 10-11). By notice dated February 1, 2013, the Appeals Council denied Duvall's request for further administrative review. (Tr. 1-5). Thus, the ALJ's decision of October 18, 2011, became the final decision of the Commissioner.

Duvall timely filed this action on April 2, 2013, (Doc. No. 1), and the parties' Motions for Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g), and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). District courts do not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). Substantial evidence is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson, 402 U.S. at 401). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003)); see also Parker v. Kraft Foods Global, Inc., No. 3:07-cv-87, 2010 WL 1929555, at *5 (W.D.N.C. May 12, 2010). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Barnes ex rel. T.J. v. Colvin, No. 4:12-cv-254, 2014 WL 126039, at *1 (E.D.N.C. Jan. 13, 2014) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

The question before the ALJ was whether Duvall was "disabled" under the Social Security Act between May 24, 2007, and the date of his decision.[1] Duvall has the burden of proving he was disabled within the meaning of the Social Security Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On October 18, 2011, the ALJ found that Duvall was not "disabled" at any time between May 24, 2007, and the date of his decision. (Tr. 15-26). Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Those five steps are: (1) whether the claimant is engaged in substantial gainful

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and (5) whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

In this case, the ALJ determined that Duvall was not disabled under the fourth step of the evaluation process. (Tr. 25-26). The ALJ concluded that "[i]n comparing the [Duvall]'s residual functional capacity with the physical and mental demands of [Duvall's past employment, . . . Duvall] is able to perform them as they are general performed." (Tr. 26).

On appeal, Duvall presents the following assignments of error: (1) the ALJ improperly gave little weight to the medical opinions of Dr. Mary Beth Wiles, Duvall's treating physician; and (2) the ALJ failed to adequately evaluate the demands of Duvall's past work or compare it to his RFC. (Doc. No. 8). The Court will address each objection in turn.

### A. THE MEDICAL OPINIONS OF DR. MARY BETH WILES

Duvall argues that the ALJ failed to accord adequate weight to the medical opinions of Dr. Mary Beth Wiles as the treating physician of Duvall according to 20 C.F.R. § 404.1527. (Doc. No. 8). Although the treating physician rule generally requires a court to accord *greater* weight to the opinion of a treating physician, the ALJ is not required to give *controlling* weight to the opinion of the treating physician. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence. Id. Moreover, "if a physician's opinion is not supported by

4

clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590.

In this case, the ALJ considered Dr. Wiles's opinions as well as Duvall's entire medical record. The ALJ accorded little weight to the June 2010 medical opinion of Dr. Wiles, specifically finding that the opinion was "grossly inconsistent with [Duvall's] reports and the consultative examiner's findings on examination in March 2010." (Tr. 24). Similarly, the ALJ accorded little weight to the June 2011 medical opinion of Dr. Wiles, specifically finding that the opinion was "grossly inconsistent with [Dr. Wiles's] own treatment notes, the State agency consultants' conclusions, [Duvall's] reports to the orthopedist in June 2011, the orthopedist's findings on examination, the consultative examiner's findings on examination, and the April 2008 functional capacity evaluation." (Tr. 25).

Duvall is correct in stating that "[t]reating physicians' opinions are entitled to great weight *in the absence of compelling contrary evidence* and may be entitled to controlling weight." (Doc. No. 8) (emphasis added). However, the record in this case is simply not devoid of such compelling contrary evidence. Therefore, given the inconsistencies between Dr. Wiles's medical opinions and the record as a whole, this Court concludes that there is substantial evidence to support the ALJ's decision in giving Dr. Wiles's opinions little weight.

**B. THE ALJ'S EVALUATION OF THE DEMANDS OF DUVALL'S PAST WORK AND COMPARISON TO HIS RFC**

Duvall next argues that the ALJ failed to adequately evaluate the demands of Duvall's past employment or compare it to this RFC. (Doc. No. 8). Duvall suggests that the ALJ did not elicit a description of the specific demands of Duvall's past employment. Id.

Duvall has the burden of proving that he is unable to perform his past relevant work. Hunter, 993 F.2d at 35. Moreover, the ALJ is generally "entitled to rely upon [Duvall's] own

5

description of the duties involved in [his] former job." Santiago v. Sec'y of Health and Human Servs., 944 F.2d 1, 5 (1st Cir. 1991).

At the oral hearing before the ALJ on July 1, 2011, Duvall was asked by his own attorney about the specific demands of Duvall's past employment. (Tr. 59-61). Afterward, the ALJ himself asked Duvall about the specific demands of Duvall's past employment:

> Q (from ALJ): So, I'm a little unclear, sir, as to your past work, you said you worked as a braider, machine operator for Advanced Digital, right?
>
> A (from Duvall): Yes, sir.
>
> Q: How many years did you do that?
>
> A: I ran the braiders for about seven years.
>
> Q: Okay. And then before that for Advanced Digital you did office work, is that right?
>
> A: Yes, sir.
>
> Q: Okay. Where you sat in a chair and entered computer data?
>
> A: Yes, sir.
>
> Q: And you did that for about three years you say?
>
> A: Roughly, yeah.
>
> Q: Okay. Now, and what did you do at Muldon there, for your sister?
>
> A: Well, I started off shipping, basic –
>
> Q: Okay.
>
> A: -- you know getting the wire and the goods from the plant and getting them situated and strapped down and doing the paperwork on them, and then come back to the office, then I would also -- so then I would do the paperwork and do the billing.
>
> Q: So, you really didn't do much sales or office for work [sic] your sister, for Muldon Communications?
>
> A: Well, yeah, that was the -- that run along with it as in the office part I'd answer the phone and take orders, along with the computer work and the billing, yeah.

(Tr. 65-66).

The record is therefore clear that there exists substantial evidence to support the evaluation of the demands of Duvall's past employment as compared to Duvall's RFC.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 8), is DENIED, Defendant's Motion for Summary Judgment, (Doc. No. 10), is GRANTED, and the Commissioner's decision is AFFIRMED.  The Clerk's Office is directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: April 17, 2014

Frank D. Whitney
Chief United States District Judge